CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
07/15/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:99-cr-30073 |
| v. | MEMORANDUM OPINION |
| WAKEEL ABDUL SABUR, *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Wakeel Abdul Sabur filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018. (Dkt. 48). On March 8, 2000, Defendant pled guilty to one count of mailing a threatening communication in violation of 18 U.S.C. § 876 and was subsequently sentenced to a term of 46 months imprisonment, consecutive to any previous sentences, which was at the high end of the sentencing guideline range.[1] The guideline range was calculated, in part, on a career offender enhancement under U.S.S.G. § 4B1.1 based on crimes of violence. (Dkt. 19 at 26, 28 (Sentencing Transcript), dkt. 45 at 4-5 (Presentence Report), dkt. 49 at 1, 3 (Addendum to Presentence Report)).

Defendant argues that he is no longer a career offender, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), should be resentenced without the related enhancement, and, noting that the First Step Act is new, suggests that this "court may find several applications of the Act to grant relief to the Petitioner." (*Id.* at 6). The Government moves to dismiss the Motion, arguing that the First Step Act does not authorize consideration of a reduction in this case because the

---

[1] According to the Presentence Report, Defendant was previously sentenced to significant terms of imprisonment by Virginia courts. (*See* Dkt. 45 at 11-12). Defendant acknowledges he was sentenced to 52 years by Virginia courts. (Dkt. 21 at 2; *see* Dkt. 48 at 4).

Defendant pled guilty to one count of mailing a threatening communication and, therefore, is not eligible for consideration of a reduction under the plain terms of the Act. The Government concludes that nothing in the First Step Act provides an avenue for Defendant to attack his conviction in light of *Mathis* or any other changes in the law since his sentencing. (Dkt. 50). In his reply, Defendant asserts that his § 3582(c)(2) motion should be considered because he was sentenced as a career offender and although *Mathis* has not been deemed retroactive on collateral review, the First Step Act is to apply the Fair Sentencing Act of 2010 retroactively, even for Defendants designated as career offenders. (Dkt. 51 at 1-2).

The Government is correct that Section 404 of the First Step Act does not apply to Defendant. (*See* Dkt. 50 at 1-2). Section 404 permits courts to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time a "covered offense" was committed. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Section 2 of the Fair Sentencing Act changed the threshold levels of cocaine base (crack cocaine) for sentences under 21 U.S.C. § 841(b)(1)(A) and (B), and under provisions of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)). Section 3 eliminated mandatory minimum sentences under 21 U.S.C. § 844(a) for simple possession of a mixture or substance which contained cocaine base.

For an offense to be a "covered offense," its statutory penalties must have been "modified by section 2 or 3 of the Fair Sentencing Act." *Id.* § 404(a). The statutory penalties associated with mailing threatening communications, 18 U.S.C. § 876, do not fit that description. *See* 18 U.S.C. § 876 (as existing on date of offense). Further, *Mathis* is not a retroactive amendment to the

2

Guidelines, so Defendant's claim may not succeed independently under § 3582(c)(2). *United States v. Duenas-Rodriguez*, 706 F. App'x 215 (5th Cir. 2017) (Memorandum) (citing *United States v. Dillon*, 560 U.S. 817, 826-27 (2010)); *see United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016) ("Motions under § 3582(c)(2) must be based on an amendment to the Guidelines.").[2]

Defendant is also not eligible for relief under Sections 401-403 of the First Step Act because, among other reasons, those sections do not retroactively apply to Defendant, whose conviction was entered and sentence imposed in 2000, nearly two decades before enactment of the First Step Act. *See* Pub. L. 115-391 §§ 401(c), 402(b), 403(b).

The Court, therefore will deny Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and First Step Act of 2018 (Dkt. 48).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to all counsel of record and to the Defendant.

Entered this 15th day of July 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In his reply, Defendant appears to argue that the First Step Act applies due to an overlap between *Mathis* and *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Dkt. 51). For the reasons stated above, the First Step Act does not provide this Defendant an avenue to challenge Defendant's career offender status in light of his offense of conviction. *See also Beckles v. United States*, 137 S. Ct. 886 (2017) (declining to extend reasoning in *Johnson* to the Guidelines).