CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/7/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:99-cr-30073 |
| v. | MEMORANDUM OPINION & ORDER |
| WAKEEL ABDUL-SABUR, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Wakeel Abdul-Sabur has filed *pro se* motions seeking a reduction in sentence or compassionate release, largely on account of the risks presented to him by COVID-19 while he is incarcerated, as well as raising several other arguments. Dkts. 54, 70, 71. For the following reasons, the Court holds Defendant is not entitled to any reduction in sentence, and accordingly denies the motions.

In 2000, Defendant pled guilty to one count of mailing a threatening communication in violation of 18 U.S.C. § 876. Dkt. 52 at 1. Defendant wrote several threatening letters from the County Jail in Amherst, mailed to a social worker in Charlottesville, whom he believed was trying to prevent his contact with a juvenile female. In the first letter, he wrote: "You can't stop an inevitable event bitch. I know where you are, and I am going to see to it that you are confronted. … No court order can call off this inevitable event in regards to you. Don't you ever accuse me of anything, bitch, for the rest of your short life." Dkt. 45 at 3 (¶ 3) (PSR). In the second letter, Defendant wrote, "I'm gonna have someone beat the shit out of you." *Id.* (¶ 4). Defendant pled guilty to Count Two of the indictment, arising out of his sending the second letter. *Id.* (¶ 2). Defendant had been previously sentenced to a term of imprisonment of over 50 years by the Virginia courts. *Id.* at 15 (¶ 63) (PSR). This Court sentenced Defendant to 46

1

months' imprisonment, to be served consecutive to any previous sentences—a sentence that was at the high end of the guideline range. *See* Dkt. 52 at 1. Defendant has filed numerous motions seeking a reduction in his sentence and a motion to serve his federal sentence before completion of his Virginia sentence, which have been denied. *See* Dkts. 21, 22, 24, 26, 27, 29, 30, 31, 34, 35, 36, 37, 38, 41, 46, 47, 48, 52, 53. The Virginia Department of Corrections website presently reflects that Defendant is scheduled to be released from state custody on December 19, 2051.[1]

Defendant has filed several additional *pro se* motions seeking a reduction in sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkts. 54, 71, and another invoking the First Step Act, Dkt. 70. In the first motion, Defendant argued that he was entitled to a reduced sentence or compassionate release on account of the risks presented to him by COVID-19. Dkt. 54. The Court appointed defense counsel to file any supplemental brief in support of his arguments, and counsel ultimately filed a notice of no supplemental filing. Dkt. 55, 56, 62. The Government filed a response opposing Defendant's *pro se* motion. Dkt. 63. The Court thereafter directed the parties to notify the Court whether Abdul-Sabur had been offered a COVID-19 vaccine. Dkt. 64. The Government stated (and provided medical records showing) that Abdul-Sabur received two doses of the Moderna COVID-19 vaccine. Dkts. 65, 69. Defendant has since filed another *pro se* motion requesting compassionate release or a reduction in sentence pursuant to § 3582(c)(1)(A). Dkt. 71. And in another *pro se* motion, Defendant asserted that he was entitled to a reduction in sentence pursuant to the First Step Act. Dkt. 70. The Government has not filed any memoranda in opposition to either motion, and no further filing in support of either *pro se* motion was submitted by Defense counsel.

---

[1] VDOC, http://vadoc.virginia.gov/general-public/offender-locator/ (search for Wakeel Sabur, last visited July 6, 2023).

A sentencing court generally cannot "modify a term of imprisonment once it has been imposed." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). But a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" after the defendant has asked the Bureau of Prisons and exhausted administrative remedies following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Rice*, No. 3:05-cr-11, 2023 WL 3981274, at *2 (E.D. Va. June 13, 2023); *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must further consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

The Government argues that first motion should be denied because Defendant has not shown that he has exhausted administrative remedies. Dkt. 63 at 4–7. And, to be sure, Defendant has not demonstrated that he has exhausted his administrative remedies with BOP—a fact which is unsurprising as he remains in state custody and there is no warden in a BOP facility to whom such a request could be directed. The exhaustion requirement is waived (or deemed satisfied) under circumstances such as these—where it would be futile for a defendant to attempt to comply with the exhaustion requirement, and further, the Government has not shown that any alternative administrative procedures are available to Defendant to seek such relief under these circumstances. *United States v. Comer*, No. 5:12-cr-43, 2022 WL 1719404, at *3 (W.D. Va. May

27, 2022); *United States v. Lipsey*, No. 07-cr-1208, 2022 WL 180725, at *2 (D. Ariz. Jan. 20, 2022); *Albury v. United States*, 496 F. Supp. 3d 974, 979 (E.D. Va. 2020).

Defendant's request for a sentence reduction fails however on the merits, because he has not shown any "extraordinary and compelling reasons" that would support a sentence reduction. He argues that risks presented from COVID-19 support a sentence reduction, and his high blood pressure, high cholesterol, diabetes, and obesity, put him at particularly acute health risk from COVID-19. Dkt. 54 at 2–3; Dkt. 71 at 3–4. Defendant, however, does not support his assertions with record evidence, undermining his claim. And while these health conditions can increase one's susceptibility to becoming seriously ill if one contracts COVID-19, Defendant has been vaccinated, which greatly "reduce[s] risk of becoming seriously ill if he does contract COVID-19." *See United States v. Hawkins*, No. 7:14-cr-20, 2023 WL 4162279, at *2 (W.D. Va. June 23, 2023); *see also* Dkts. 65, 69 (showing Defendant's vaccination with Moderna). Defendant's vaccination status—especially without further elaboration on why he faces continued great risk from COVID-19—renders wholly unpersuasive his argument that COVID-19 constitutes an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Barton*, No. 7-16-cr-47, 2023 WL 4186382, at *3 (W.D. Va. June 26, 2023) (citing authority that, "[f]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). Further still, Defendant has not demonstrated that he is at any particularized risk of contracting the disease at his prison, notwithstanding his general assertion "prison facilities are not compatible with the current COVID-19 health guidance concerning social distancing and avoiding congregation in large groups." Dkt. 54 at 3; *see United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (per curiam) (unpublished) ("In the context of the COVID-19 outbreak,

4

courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility.").[2]

The Court therefore finds that Defendant has not demonstrated that extraordinary and compelling reasons warrant his release on account of COVID-19. *See United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam) (unpublished) (affirming district court's holding that defendant "failed to show either a particularized high risk of susceptibility to coronavirus or a current particularized risk of contracting the disease at [FCI] Danbury," his facility of incarceration).

Defendant also argues that he has worked to reduce gang violence, which he contends explains to some extent his disciplinary infractions and recidivism risk assessment. *See* Dkt. 54 at 2 (¶¶ 7–9); Dkt. 71 at 3–4. But absent motion by the Government—and none has been filed—such efforts do not by themselves constitute an extraordinary and compelling reason for a reduced sentence. *See United States v. Kyger*, No. 5:12-cr-42, 2022 WL 4082482, at *5 (W.D. Va. Sept. 6, 2022); *United States v. Claude*, 16 F.4th 422, 427 (3d Cir. 2021) (requiring compliance with Rule 35). Moreover, to the extent that Defendant argues his completion of "all rehabilitative programs offered in [VDOC]," supports his request for a reduction in sentence, the

---

[2] The Court notes that Augusta Correctional Center, where Defendant is incarcerated, has only two active COVID-19 cases, one for an inmate and another for a member of the staff or contractor. *See* VDOC, *COVID-19/Coronavirus Updates*, http://vadoc.virginia.gov/news-press-releases/2023/covid-19-updates/ (last checked July 6, 2023). And while Augusta has had a higher number of inmate deaths due to COVID-19 than many (but not all) other VDOC facilities (five), there is no information in the record concerning when and the circumstances under which those occurred. Therefore, without more, there is no basis upon which this Court could conclude that even in the present environment of COVID-19 transmission and widespread availability of vaccines and supplemental booster shots, that there remains an acute or particularized ongoing risk of contracting the disease at this facility.

Court rejects that contention. Dkt. 54 at 2. "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," for a sentence reduction. 28 U.S.C. § 994(t). And while that factor is lacking in elaboration and evidentiary support, even taken as true and in connection with all other reasons afforded, Defendant still has not shown "extraordinary and compelling" reasons exist for a reduced sentence.

Defendant also appears to argue that he is entitled to a sentence reduction because he will not be considered for early release from state custody on account of the federal detainer lodged against him. Dkt. 54 at 2–3. However, this is in the nature of a challenge to the underlying sentence, which is not cognizable in a motion for a sentence reduction under § 3582(c)(1)(A). *United States v. Ferguson*, 55 F.4th 262, 270–71 (4th Cir. 2022). Defendant had already been sentenced to fifty-plus years by the Virginia courts at the time of his federal sentencing in this case, and at that time, the Court sentenced him to 46 months' incarceration, to be served consecutively to any prior state or federal sentence. *See* Dkt. 45 at 15 (¶ 63) (PSR) (describing state sentence); Dkt. 71-2 (judgment). Defendant has not argued that issuance of the federal detainer was improper or defective, nor cited authority that the existence of the federal detainer and its impact on his ability to seek early release from the state constitutes an extraordinary and compelling reason for a sentence reduction. *Cf. United States v. Doss*, No. 4:09-cr-6, 2022 WL 2359784, at *2 (W.D. Va. June 29, 2022) (holding that "neither the existence of the detainer nor its impact on his security classification constitutes an 'extraordinary and compelling' reason for a sentence reduction").

Defendant also has moved for relief under the First Step Act, arguing that a recent Supreme Court decision "[e]xpanded the application of the First Step Act," and provided that sentencing judges "may look at a wide range of factors, including some that have nothing to do

with crack cocaine offenses," in resentencing proceedings under the Act. Dkt. 70 at 1. Defendant apparently was referring to *Concepcion v. United States*, 142 S. Ct. 2389 (2022). However, the First Step Act requires, as the Supreme Court in *Concepcion* noted, that a defendant must have been sentenced upon a "covered offense" under the Act. *Id.* at 2401. And a "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 … that was committed before August 3, 2010." *Id.* (quoting First Step Act, Pub. L. 115-391, § 404(a), 132 Stat. 5222). As this Court already explained in a decision rejecting Defendant's earlier attempt to invoke the First Step Act, the statutory penalties associated with Defendant's offense of conviction—i.e., mailing threatening communications, violating 18 U.S.C. § 876—"do not fit that description" of a "covered offense" in the First Step Act. *See* Dkt. 52 at 2.

Lastly, Defendant argues that he was designated as a career offender for certain state convictions which are no longer predicate crimes of violence supporting a career offender designation. Dkt. 70 at 3 (identifying "walk away escape" and "robbery"). To be sure, post-sentencing changes in the law that do not apply retroactively can under certain circumstances merit a reduction in sentence if they constitute "extraordinary and compelling reasons" for a reduction in sentence. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020); *accord Ferguson*, 55 F.4th at 271 (citing *McCoy*). However, in this case, Defendant's argument that he would not be a career offender if sentenced today would do nothing to impact his sentencing range or sentence. The Probation Office determined that Defendant had a criminal history category of VI not only because he was a career offender, but also because he had a whopping 30 criminal history points—over twice the amount required to qualify at that highest criminal history category. *See* Dkt. 45 at 13 (¶ 47) (PSR); *see also id.* at 5–13 (¶¶ 21–46) (reciting criminal history

and calculations). Thus, even if Defendant were right that today he should not qualify as a career offender, his criminal history category would be unchanged, as would be his sentencing range—rendering wholly unpersuasive any argument that any change in his career offender status under post-sentencing legal developments would constitute "extraordinary and compelling reasons" for a sentence reduction. *See, e.g.*, *United States v. Gallagher*, No. 19-cr-479, 2022 WL 17833432, at *15 (D. Md. Dec. 21, 2022) (holding, in part, that defendant had not established extraordinary and compelling reasons for a sentence reduction when "even without regard to his career offender status, defendant had a criminal history category of VI" based on his criminal history points); *United States v. Carrington*, No. 13-cr-151, 2022 WL 888436, at *8 (D. Md. Mar. 25, 2022) (denying defendant's § 2255 petition, in part, because "[e]ven if [defendant] were not a career offender, his offense level and criminal history category would have remained the same," and thus even without an underlying challenged conviction, it would have "had no effect on defendant's advisory sentencing guidelines range," which "still equates to a criminal history category of VI").

Individually or collectively, Defendant's proffered reasons for a sentence reduction are either not cognizable or fall far short of demonstrating "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[3]

Accordingly, Defendant's motions for compassionate release or a reduced sentence herby are **DENIED**. Dkts. 54, 70, 71.

---

[3] Because the Court holds that Defendant has not established "extraordinary and compelling reasons" for a reduction in sentence, the Court need not analyze the separate issue whether Defendant has established that consideration of the § 3553(a) factors also demonstrates an entitlement to a reduced sentence.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and to the U.S. Marshals Service.

Entered this __7th__ day of July, 2023.

                                              NORMAN K. MOON
                                              SENIOR UNITED STATES DISTRICT JUDGE